## Wall v. Pittsburgh, Lisbon & Western Railroad Company.

*Practice, C. P. — Statement of claim — Signature of attorney — Act of May 14, 1915.*

Where plaintiff is represented by an attorney, the statement of claim must be signed by such attorney. The Act of May 14, 1915, P. L. 483, is mandatory in this respect.

Motion to strike off statement. C. P. Beaver Co., Dec. T., 1921, No. 542.

*W. A. McConnel*, for plaintiff; *Reed & Reed*, for defendant.

BALDWIN, P. J., April 5, 1922.—In support of this motion, defendant's counsel has filed five reasons. At the argument, however, all of same were abandoned except the last, which is as follows: "It (plaintiff's statement) is not signed by the attorney, although plaintiff is represented by an attorney."

Section 9 of the Practice Act of May 14, 1915, P. L. 483, provides in part as follows: "The statement of claim . . . shall be sworn to by the plaintiff or some person having knowledge of the facts, and if there be an attorney, shall be signed by his attorney."

The question for our decision is whether the above quoted provision, relating to the signing of plaintiff's statement by plaintiff's attorney, is mandatory or merely directory.

In our opinion it is mandatory. The provision relating to the signing of the statement by plaintiff's attorney is in the same sentence with the provision requiring the statement to be "sworn to by the plaintiff or some person having knowledge of the facts." There is, of course, no doubt that the provision last quoted is mandatory, and it would seem to be equally free from doubt that the same is true of the provision requiring the statement to be signed by the attorney, if any.

The late Judge Ralston, in discussing this section of the Practice Act before the Pittsburgh Law Club on Dec. 27, 1915, said: "If there be an attorney, he must sign the statement, which makes him responsible for its allegations—not for their truth, but for their relevancy and the propriety of making them. An attorney cannot file a statement containing scandalous and irrelevant statements and shift the responsibility upon his client."

### Order.

Now, April 5, 1922, the plaintiff's statement is struck from the record, unless plaintiff's attorney shall, within ten days next hereafter, sign the plaintiff's statement.

From F. H. Laird, Beaver, Pa.